UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

YONI ZOLDAN,

        Plaintiff,

  -against-

PETER LUGER, INC., and PETER LUGER
OF LONG ISLAND, INC.

        Defendants.
---------------------------------------------------------------------X

**Docket No.:**

**Complaint**

Plaintiff Yoni Zoldan, by and through his attorneys Mazzola Lindstrom LLP, as and for his complaint against defendant Peter Luger, Inc., and Peter Luger of Long Island, Inc., collectively doing business as "Peter Luger Steak House," alleges upon information and belief as follows:

**The Parties**

1. Plaintiff Yoni Zoldan is a resident and citizen of the State of Florida.

2. Defendant Peter Luger, Inc. is a duly organized New York corporation with a principal place of business at 185 Broadway, Brooklyn, New York.

3. Defendant Peter Luger of Long Island, Inc., is a duly organized New York corporation with a principal place of business at 255 Northern Boulevard, Great Neck, New York.

4. For ease of reference, the defendants shall be collectively referred to as "Peter Luger" or "Peter Luger Steak House."

## Jurisdiction and Venue

5.    This court has subject matter jurisdiction arising under the laws of the United States, pursuant to 28 U.S.C. §§ 1331 and 1343, and specifically the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et. seq.*, and has supplemental jurisdiction over the plaintiff's claims based in New York State law, pursuant to 28 U.S.C. § 1367.

6.    This court also has diversity jurisdiction over this matter, pursuant to 28 U.S.C. §1332, as the cause of action herein involves discrimination against an individual with a disability, where the plaintiff is a domiciliary and resident of Florida, where the defendants are domiciled in New York, and the amount in controversy exceeds $75.000.

7.    Venue is proper in this district under 28 U.S.C § 1391(b) because the defendants were incorporated in New York, conduct their business in this district, and are subject to personal jurisdiction in this district.

## Nature of Claim

8.    The Peter Luger Steak House is a restaurant open to the public.

9.    Mr. Zoldan suffers from Wolf Parkinson White Syndrome and spinal stenosis. WPW is a condition that causes one's heart to beat at an extremely fast and erratic rate, which in turn can lead to heart failure, fainting, and dyspnea.

10.    Because he suffers from WPW, Mr. Zoldan is aided by a service dog that is trained to assist him in countering the onset of supraventricular tachycardia (SVT) by walking beside him and alerting him when the SVT begins -- rubbing her head and sitting on him.


11. Mr. Zoldan's dog is a legitimate service animal, depicted here in its vest:



12. Plaintiff Zoldan made a reservation for February 13th, 2022, 3:45 p.m., for him and his guest Lylli Cain, PhD. When he made the reservation, he confirmed that service animals were permitted.

13. However, when plaintiff Zoldan arrived on February 13th, 2022, at about 3:45 p.m., plaintiff Zoldan and his guest were denied entry into the Peter Luger Steak House at 255 Northern Boulevard in Great Neck, New York, the restaurant refusing him entry because Mr. Zoldan had with him a service dog, notwithstanding that his dog was wearing the vest depicted in the photograph, and that plaintiff tendered the dog's service ID to the restaurant's personnel.

14. Under the Americans with Disabilities Act of 1990, although the restaurant is a private entity, it is deemed a public accommodation because it is a restaurant – "serving food or drink," and affects interstate commerce. 42 U.S.C. § 12181(7)(B).

15. Section 12102 of Title 42 of the United States Code defines "disability" as an individual having "a physical or mental impairment that substantially limits one or more major life activities of such individual."

16. "Major life activities" include major bodily functions, which include respiratory and circulatory functions. 42 U.S.C. § 12102(2)(B).

17. Additionally, as provided under the statute, "[a]n individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he or she has been subjected to an action prohibited . . . because of an actual or perceived physical ... impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A).

18. A public accommodation should provide reasonable modifications in – practices or procedures – when the modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to persons with disabilities. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.302(a).

19. "Service dog" means any dog that has been trained to do work or perform tasks for the benefit of an individual with a disability. See 28 C.F.R. 36.104.

20. The federal regulation requires that a particular service animal be trained to work for a disabled individual. *Vaughn v. Rent-A-Center, Inc.*, 2009 U.S. Dist. LEXIS 20747, *29-30 (S.D. Ohio Mar. 16, 2009).

21. The dog is trained specifically for Mr. Zoldan, to perform certain tasks for him.

22. Mr. Zoldan's dog is a certified service dog.

23. Mr. Zoldan's dog wears a vest that identifies it as a service dog.

24. There is no requirement regarding the type or amount of work a service animal must provide for the disabled person. *Access Now, Inc. v. Town of Jasper, Tenn.*, 268 F.Supp.2d 973, 980 (E.D. Tenn. 2003).

25. Nonetheless, Peter Luger refused Mr. Zoldan entry into the restaurant, indicating that unless Mr. Zoldan was blind, he could not enter with his service animal.

26. As result, Mr. Zoldan suffered denial of equal services and access to Peter Luger's restaurant, an event which caused him humiliation.

27. Peter Luger discriminated against Mr. Zoldan, notwithstanding his medical condition and attendant disability, by failing to make a reasonable accommodation to allow him entry to the restaurant with his service dog.

28. Mr. Zoldan's denial of participation, and thus inability to enjoy a fine meal at Peter Luger's restaurant, was a direct and exclusive consequence of Peter Luger's refusal to accommodate him.

29. Apart from his federal rights and remedies available under the ADA, Mr. Zoldan's rights under New York law have been violated.

30. Under New York Law, individuals with disabilities are entitled to full and equal access, accommodation, facilities, and privileges of any public establishment such as Peter Luger Steak House. New York Executive Law (Human Rights Law) § 296.2(a).

31. Section 296.2(a) obligates a proprietor of a public accommodation to provide evenhanded treatment of all customers, directly or indirectly, and to not withhold from or deny plaintiff the accommodations, advantages, facilities or privileges of their public accommodation; and it shall be unlawful to demonstrate that the patronage is not welcomed or is objectionable or not acceptable, desired or solicited.

32. Therefore, the ADA and New York State Law mandate that Peter Luger Steak House accommodate disabled individuals, such as Mr. Zoldan.

### As and for a First Cause of Action
### (Violation of the Americans with Disabilities Act)

33. Plaintiff repeats and realleges each and every allegation above as it fully set forth herein.

5

34. Pursuant to the ADA, Mr. Zoldan possesses a qualified disability.

35. Because of his disability, Mr. Zoldan has a service dog that is trained to perform specific tasks to assist him.

36. Failure to afford an individual with a disability full and equal access in order that he may enjoy the services of a public facility, such as Peter Luger Steak House, constitutes discrimination against such individual. 42 U.S.C. § 12182.

37. Peter Luger discriminated against Mr. Zoldan by refusing him entry into its restaurant, and thereby deprived him of a full and equal opportunity to enjoy the services that Peter Luger provides, in violation of 42 U.S.C. § 12182.

38. Mr. Zoldan was caused to suffer damages thereby, in an amount to be proved at trial.

**As and for a Second Cause of Action**
**(Violation of the New York State Human Rights Law,**
**NY Executive Law § 296(2) and New York Civil Rights Law § 40)**

39. Plaintiff repeats and realleges each and every allegation above as it fully set forth herein.

40. Peter Luger Steak House, being a public accommodation, is subject to the New York State Human Rights Law, Executive Law § 296, which provides:

> Unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation, resort or amusement, because of the . . . disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof.

41. Additionally, the NYSHRL defines "discriminatory practice" as including, "a refusal to make reasonable modifications in policies, practice or procedures, when such

6

modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities." § 296(2)(c)(ii).

42.     Mr. Zoldan is an individual with a disability within the definition set forth in § 292(21), in that he has "a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques or a record of such an impairment."

43.     As a result of Peter Luger barring Mr. Zoldan from entering its restaurant, thereby denying him access and participation, and thus the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations provided by Peter Luger, plaintiff suffered a personalized and concrete injury-in-fact of a legally cognizable interest.

44.     Mr. Zoldan was caused to suffer damages thereby, in an amount in excess of $75,000.

## Jury Demand

45.     Plaintiff demands a trial by jury as to all issues so triable.

**Prayer for Relief**

**WHEREFORE**, by reason of the foregoing, plaintiff Yoni Zoldan hereby prays for and respectfully requests that the court declare defendant Peter Luger, Inc. and Peter Luger of Long Island, Inc. to be in violation of the Americans with the Disabilities Act, New York Executive Law, and New York Civil Rights Law, and award damages, in an amount to be determined by this court, reasonable attorney's fees, and costs of suit; and for such other and further relief as this court deems just and proper.

Dated: April 18, 2022
      New York, New York               Respectfully submitted,

                                              MAZZOLA LINDSTROM LLP

By: *S.G. Emmanuelle Molina*
       _____
          S.G. Emmanuelle Molina
1350 Avenue of the Americas, 2nd Floor
New York, New York 10019
D: 646-216-8300 ext. 117
emmanuelle@mazzolalindstrom.com